## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR       )
ENVIRONMENTAL RESPONSIBILITY   )
962 Wayne Ave., Suite 610       )
Silver Spring, MD 20910       )      Civil Action No. 17-1780
      )
    *Plaintiff,*      )
      )      **COMPLAINT**
    v.      )
      )
UNITED STATES ENVIRONMENTAL   )
PROTECTION AGENCY       )
1200 Pennsylvania Ave., N.W.,       )
Washington, D.C.  20004       )
      )
    *Defendant*,      )

---

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff")

   brings this action under the Freedom of Information Act ("FOIA"), 5 § U.S.C. 552 *et*

   *seq.*, as amended, to compel the United States Environmental Protection Agency

   ("EPA" or "Defendant") to disclose records wrongfully withheld in failing to respond

   within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education

   concerning the activities and operation of federal, state, and local governments.

3. On July 3, 2017, Plaintiff sent a FOIA request seeking records related to the composition

   of the Superfund Task Force commissioned by EPA Administrator Scott Pruitt to

   overhaul the Superfund program. Specifically, among other items, Plaintiff sought a list

   of members on the task force as well as the criteria for their selection; documents

reflecting the EPA's adherence to the Federal Advisory Committee Act;

communications between Administrator Pruitt and the Task Force; and copies of EPA

decision documents related to ongoing Superfund cases affected by the Task Force.

4.  On July 12, 2017, EPA granted PEER's request for a waiver of fees associated with the

July 3 request.

5.  The FOIA requires federal agencies to respond to public requests for records, including

files maintained electronically, to increase public understanding of the workings of

government and provide access to government information.  FOIA reflects a "profound

national commitment to ensuring an open Government" and agencies must "adopt a

presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21,

2009).

6.  The FOIA requires the agency to determine within 20 working days after receipt of a

FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  The

agency may extend this time period only in "unusual circumstances" and then only for a

maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

7.  To date, Defendant has failed to make a determination on Plaintiff's FOIA request or to

produce any records in response to Plaintiff's FOIA Request No. EPA-HQ-2017-009051.

8.  Defendant's conduct is arbitrary and capricious, and amounts to a denial of Plaintiff's

FOIA request.  Plaintiff is seeking to educate the public about the nature of the

Superfund Task Force as well as the EPA's efforts (or lack of effort) to comply with the

Federal Advisory Committee Act, and Defendant is frustrating that purpose.

9.  Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. §

552(a)(6)(C)(i), and now seeks an order from the Court requiring Defendant to

immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

13. This court has authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

PEER educates and informs the public through news releases to the media, through its

website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, the U.S. EPA, is an agency of the United States as defined by 5 U.S.C.

§ 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession

consistent with the requirement of the FOIA. Here, Defendant is denying the Plaintiff

access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. On May 22, 2017, EPA Administrator Scott Pruitt announced via memorandum his

intention to change the administration of the Superfund program (the Comprehensive

Environmental Response, Compensation, and Liability Act or "CERCLA," 42 U.S.C. §

9601 *et seq*.). In order to implement those changes, Administrator Pruitt stated that he

created a task force to develop recommendations that would overhaul and streamline the

entire Superfund process.

19. On July 3, 2017, Plaintiff submitted a FOIA request to Defendant requesting

information related to the Superfund Task Force. Specifically, PEER requested eleven

categories of documents: (1) a list of the members of the Task Force, their tenure, and

any documents detailing the criteria for their selection; (2) documents reflecting

Defendant's efforts to comply with FACA in the selection and operation of the task

force; (3) documents detailing the specific activities the Task Force was assigned to; (4)

documents reflecting the scheduling of activities for the Task Force as well as meeting

minutes and materials presented to the task force; (5) communications to or from

Administrator Pruitt's office concerning the need or basis for changes to the Superfund

program; (6) the recommendations or any other work products emanating from the Task Force; (7) documents related to compliance with the National Environmental Policy Act ("NEPA") in pursuing  significant Superfund operational changes; (8) documents describing how and when public review of the task force recommendations will take place, including plans to involve affected communities; (9) copies of the "revised delegations and internal directive documents" referenced in the May 22, 2017 memorandum; (10) a list of ongoing Superfund cleanups that are covered by Administrator Pruitt's memo; and (11) copies of any decision documents by EPA in ongoing Superfund cases in connection with Administrator Pruitt's memo.

20. Also on July 3, 2017, Defendant acknowledged receipt of Plaintiff's FOIA request and assigned it number EPA-HQ-2017-009051.

21. In a letter dated July 12, 2017, Defendant granted Plaintiff's request for a fee waiver related to the FOIA request.

22. On July 25, 2017, the EPA published the recommendations from the Superfund Task Force. While the publication of the recommendations does in effect respond to a portion of Plaintiff's FOIA request, most of the items in the request remain unanswered.

23. On July 27, 2017, Defendant contacted Plaintiff through its agent, Wanda McLendon, and provided an updated production date of August 24, 2017, which was seventeen business days after the statutory deadline.  That deadline was August 1, 2017, 20 business days from the July 3, 2017 FOIA submission and acknowledgement. Although Ms. McLendon stated that she was asking for an additional thirteen days, her anticipated date of production, August 24, 2017, was actually seventeen business days after the statutory deadline.

24. Having received no FOIA production or other communication from EPA, on August 24, 2017, Plaintiff requested by email an update on the status of its FOIA request. Plaintiff was informed by another employee that Ms. McLendon was out of the office until August 28, 2017. On August 30, 2017, Ms. McLendon informed Plaintiff that the request had been reassigned to the Office of the Administrator, but she provided no further information on expected production.

25. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of the receipt to respond, or to assert the need for an extension. *See also* 40 C.F.R. § 2.104.

26. Twenty working days from July 3, 2017 (the date of Defendant's receipt of Plaintiff's request) was August 1, 2017.  Defendant requested an extension until August 24, 2017 (more than the 10 working days allowed by statute), and now that date has passed.

27. As of this August 31, 2017 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination from Defendant.

28. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its July 3, 2017 FOIA request, Plaintiff now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

29. Plaintiff incorporates the allegations of the preceding paragraphs.

30. Defendant's failure to disclose the records requested under Request No. EPA-HQ-2017-009051 within the time limits mandated by statute is a constructive denial and wrongful

withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the Environmental

Protection Agency's regulations promulgated thereunder, 40 C.F.R. § 2.100 *et seq.*

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i.    Enter an order declaring that Defendant wrongfully withheld requested agency

records;

ii.   Issue a permanent injunction directing the Defendant to disclose to plaintiff all

wrongfully withheld records;

iii.  Maintain jurisdiction over this action until Defendant is in compliance with the

FOIA, the Administrative Procedure Act, and every order of the court;

iv.   Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.    Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 31, 2017,

/s/   Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Attorney for Plaintiff*